UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                   :

THOMAS A. BRAILSFORD, III,            :

                      Plaintiff,     :

                                     :

           -against-         :

                                     :

ZARA USA, INC.,                   :

                     Defendant.   :

                                     :
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/10/15____
```

14 Civ. 6999 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Thomas A. Brailsford, III brings suit against his former employer, Zara USA, Inc. ("Zara"), alleging discrimination, harassment and retaliation in violation of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act (the "ADA"), the New York State Human Rights Law (the "NYSHRL") and the New York City Human Rights Law (the "NYCHRL").  On December 4, 2014, Zara moved to dismiss in part the First Amended Complaint (the "FAC").  Plaintiff filed an untimely response without justification, which was struck from the record.  For the reasons below, Zara's motion is granted.

       While Zara's motion was pending, and with the Court's leave, Plaintiff moved to amend and/or correct the FAC to add new claims under the federal Equal Pay Act (the "EPA") and New York's Wage Theft Protection Act (the "WTPA").  For the reasons below, Plaintiff's motion to amend is denied.

### I.      BACKGROUND

       Except as otherwise noted, the following facts are alleged in the FAC or in documents that, although not attached to the FAC, are integral to it.  *See Boykin v. KeyCorp*, 521 F.3d 202, 204 (2d Cir. 2008).  The allegations are assumed to be true for purposes of the present motions.

### A.  The Operative FAC

The FAC alleges that Zara employed Plaintiff, an American citizen and an African-American man, from March 15, 2010, until he was terminated on or about October 8, 2013. Plaintiff began his employment at Zara as a part-time Stock Associate at Zara's store at 1936 Broadway in New York City.  In February 2012, almost two years after he started working at Zara, Plaintiff was promoted to full-time Stockroom Supervisor.  In August 2013, Plaintiff was transferred to the Zara location at 580 Broadway in New York City (the "Soho Store").  At the Soho Store, Plaintiff worked approximately 25 hours per week, earning approximately $14 per hour.

#### 1.  *Allegations of Discrimination*

Most of the employees at the Soho Store were Hispanic, including Plaintiff's managers and fellow supervisors, and they regularly communicated with each other in Spanish during work hours.  Plaintiff's fellow employees at the Soho Store knew that Plaintiff could neither speak nor understand Spanish.

Plaintiff's supervisors and fellow employees at the Soho Store subjected him to what the FAC calls "a continuing course of disparate treatment and conduct to harass, intimidate [and] retaliate" on account of his race, disability and complaints about discriminatory conduct.  The FAC alleges that

- Plaintiff was told to learn Spanish because Zara was a Spanish-owned company;

- Plaintiff was "constructively exclude[ed]" from "obligatory meetings," in that they were conducted exclusively in Spanish;

- Plaintiff was prevented from attending these meetings by other tasks that he was

2

assigned to perform at the same time;

- Plaintiff's assignments were intended to "seclude and alienate [him] from others," and he was given "unfavorable tasks" not given to Hispanic employees;

- Plaintiff's reports of discrimination did not result in prevention or correction and were followed with increased harassment and hostility.

Plaintiff scheduled an October 1, 2013, meeting with a Zara Regional Human Resources Manager to discuss his complaints.  However, the Human Resources Manager did not come to the meeting and did not meet with Plaintiff at a later time.

A week later, on October 7, 2013, Plaintiff's manager "verbally abused" him for not doing work that she knew was someone else's responsibility.  The "harassment" lasted for over ten minutes and caused Plaintiff to leave work.  Plaintiff promptly notified his superiors of the incident.

The next day, the Regional Human Resources Manager informed him that by leaving the Soho Store on October 7, 2013, he had abandoned his job.  Plaintiff then sent an email to the Zara Director of Human Resources complaining about the incident, but did not receive any response. Over the next three weeks, Plaintiff's repeated attempts to speak with Zara's Human Resources staff were similarly unsuccessful.

### 2. *Allegations of Failure to Accommodate*

On August 26, 2013, Plaintiff injured his back while moving boxes at work.  He informed his supervisor and left work to seek medical treatment at Montefiore Hospital.  He was provided a document titled, "Patient Home Care Instructions," informing him that he could return to work on August 28, 2013, but that he could not undertake "heavy lifting for 1 week."  When he returned to

work on August 28, 2013, he provided his supervisor with a copy of the restrictions, but she

nevertheless directed him to move heavy boxes down some stairs and refused to modify his duties

or "even consider alternative accommodations."

     Moving the heavy boxes caused Plaintiff such nausea and back pain that he had to leave

work for further medical treatment.  He was told he could return to work on September 1, 2013.

The FAC does not state whether his physicians recommended any workplace restrictions.  When

he returned to work, his supervisors again refused to consider any modification to his work

schedule.

### 3.  *Prior Administrative Review*

     On October 22, 2013, Plaintiff filed a complaint against Zara with the New York State

Division of Human Rights (the "SDHR").

     In his SDHR complaint, Plaintiff alleged that he was discriminated against on account of

his race or ethnicity because he "was the only African American Supervisor on the team.  I was

bla[]tantly excluded from the team by having conversations in Spanish."  He checked the

following options in response to the question, "What did the person/company you are

complaining against do?": (1) "Harassed or intimidated me"; (2) "Denied me training"; (3) "Gave

me different or worse job duties than other workers in my same title"; and (4) "Other," where

Plaintiff wrote, "Outcasted from team of Supervisor[s] by excluding me.  Bla[]tantly spoke

Spanish to exclude me from the team.  Openly spoke about the[ir] dislike for me."  The SDHR

complaint included allegations that a stock manager told Plaintiff he was "not supervisor

material."  According to the SDHR Complaint, when Plaintiff told a stock associate of his

discomfort when other employees spoke in Spanish "in front of [the] team," she replied, "[I]t is

not my fault they don't understand, it is a company from Spain." The SDHR Complaint also stated that on one occasion Plaintiff "was left with an entire shipment of small boxes to price and backstock alone."

On April 17, 2014, the SDHR issued its Determination and Order after Investigation. After noting that Plaintiff had charged Zara with "an unlawful discriminatory practice relating to employment because of race/color," the SDHR stated that "there is NO PROBABLE CAUSE to believe that [Zara] has engaged in or is engaging in the unlawful discriminatory practice complained of." The SDHR investigation found that Plaintiff had not been subjected to any adverse employment actions such as termination, suspension, discipline or a change in salary; that he had not been treated differently from similarly situated co-workers because of race or color; and that he had not been constructively discharged. The SDHR also determined that Plaintiff's alleged facts, even if accepted, "would not support a claim that he was subjected to a hostile work environment" on account of race or color.

After Plaintiff timely requested a review from the Equal Employment Opportunity Commission (the "EEOC"), on May 27, 2014, the EEOC adopted the SDHR's findings and dismissed the complaint.

**B.  The Proposed Second Amended Complaint**

Pursuant to the scheduling order in this case, Plaintiff's amended pleadings were due by November 6, 2014. By letter dated February 4, 2015, and while Zara's motion to dismiss the FAC was pending, Plaintiff sought leave to amend the FAC. Plaintiff was authorized to, and subsequently did file, the present motion to amend with a proposed Second Amended Complaint (the "SAC").

5

The SAC makes the following new factual allegations: Instead of working 25 hours per week at the rate of $14 per hour as a Stockroom Supervisor (as alleged in the FAC), the SAC alleges that Plaintiff worked an average of 40 hours per week for approximately $11.20 per hour. Additionally, "certain female employees" who, like Plaintiff, were Stockroom Supervisors, earned $15 per hour even though they worked the same hours as Plaintiff. The SAC also includes two new claims for discriminatory compensation based on the EPA and the WTPA, and drops the claim for "Negligent Hiring, Retention and Supervision."[1]

## II.    LEGAL STANDARD

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Keiler v. Harlequin Enters. Ltd*., 751 F.3d 64, 68 (2d Cir. 2014). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Rule 15(a) requires that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A "motion to amend is generally denied only for futility, undue delay,

---

[1] The first page of the proposed SAC asserts that the Court has supplemental jurisdiction over the New York state law claims including under the "Wage Theft Prevention Act," which is given the acronym "WTPA." Under "Thirteenth Cause of Action," the SAC twice references "WTRA," which is presumed to be a typographical error and a reference to the WTPA.

bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (citation and internal quotation marks omitted). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Despite the liberal pleading standard of Rule 15(a), a court may deny leave to amend the pleadings "where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in [a] scheduling order." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). "[G]ood cause depends on the diligence of the moving party." *Id.* (citation and internal quotation marks omitted). In addition to diligence, a "district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.* at 244.

## III.   DISCUSSION

The FAC lists eleven causes of action:[2]

- The First and Second Causes of Action (the "Section 1981 claims") allege discrimination based on race, color, national origin and disability in violation of Section 1981.

- The Third and Fourth Causes of Action (the "Title VII claims") allege discrimination

---

[2] The Complaint also includes a "Twelfth Cause of Action" for negligent hiring and supervision. However, by a declaration dated March 11, 2015, that accompanied Plaintiff's motion to amend, counsel for Plaintiff stated that "plaintiff consents to dismissal of [his] TWELFTH cause of action for negligent hiring, retention [and] supervision." Further, the proposed SAC eliminates this cause of action. Accordingly, the Twelfth Cause of Action in the FAC is dismissed as withdrawn.

based on race, color, national origin and disability in violation of Title VII.

- The Fifth Cause of Action ("ADA claim") alleges discrimination based on disability in violation of the ADA.[3]

- The Sixth, Seventh and Eighth Causes of Action (the "NYSHRL claims") allege discrimination based on race, color, national origin and disability in violation of the NYSHRL.

- The Ninth, Tenth and Eleventh Causes of Action (the "NYCHRL claims") allege discrimination based on race, color, national origin and disability in violation of the NYCHRL.

The proposed SAC adds two new causes of action:

- An EPA claim which alleges gender discrimination, and

- A WTPA claim alleging discriminatory retaliation or "otherwise by failing to compensate."[4]

As to the operative FAC, Zara moves to dismiss the Section 1981 and Title VII claims in part, and the ADA, NYSHRL and NYCHRL claims in their entirety. The motion is granted. Plaintiff's motion to amend is denied.

_____

[3] Under the heading "Fifth Cause of Action," the Complaint alleges that "Defendant discriminated against plaintiff on the basis of his disability in violation of *Title VII* by failing to provide a reasonable accommodation for his injured back." (emphasis added). Because the subheading for "Fifth Cause of Action" is "ADA," the Court construes this count to allege a violation of the ADA and not Title VII, which in any case is already covered by the Third and Fourth Causes of Action.
[4] Although the proposed SAC appears to amend the Section 1981, Title VII, NYSHRL and NYCHRL causes of action to include claims of disparate pay and disparate work conditions, Plaintiff states in his reply brief that the disparate pay and work condition claims are asserted only under the EPA. Accordingly, the proposed SAC is construed not to amend any claims already in the FAC.

### A.  Section 1981 Claims

Zara's motion to dismiss the Section 1981 claims to the extent they allege discrimination based on national origin and disability is granted because Section 1981 prohibits discrimination only on the basis of race and ethnicity.  *See, e.g.*, *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) ("Among the many statutes that combat *racial discrimination*, § 1981 . . . has a *specific* function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' *without respect to race*." (emphases added)); *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000) ("Section 1981 . . . only prohibits intentional racial discrimination.").  It is "settled that Section 1981 does not prohibit discrimination on the basis of . . . national origin," *Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998), or disability, *see, e.g.*, *Faber-Womack v. Town of Riverhead Police Dep't*, No. 08-CV-2368, 2009 WL 2983022, at *3 (E.D.N.Y. Sept. 10, 2009).

### B.  Title VII Claims

Zara's motion to dismiss the FAC's retaliation claims under Title VII is granted. Plaintiff's claim of retaliation in response to his earlier complaints within Zara is dismissed because Plaintiff failed to exhaust administrative remedies.  Plaintiff's claim of retaliation in response to his subsequent SDHR complaint is dismissed because Plaintiff had already left Zara's employ when he filed that complaint, and thus, as a factual matter, could not have been subject to any retaliation for filing it.  Only the exhaustion issue requires further discussion.

A plaintiff may bring a Title VII employment discrimination suit "only after filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82-83 (2d Cir. 2001)

(quoting 42 U.S.C. § 2000e–5(e)). "Exhaustion of remedies is a precondition to suit," and accordingly, "a plaintiff typically may raise in a district court complaint only those claims that either were included in or are reasonably related to the allegations contained in her EEOC charge." *Id.* at 83. A "claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). "In determining whether claims are reasonably related, the focus should be on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted). "The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." *Williams*, 458 F.3d at 70 (citation and internal quotation marks omitted).

"[W]here a plaintiff does not explicitly allege retaliation in an administrative complaint, the subsequent investigation of other forms of discrimination cannot reasonably be expected to extend to retaliation." *Shepheard v. City of New York*, 577 F. Supp. 2d 669, 680 (S.D.N.Y. 2008) (collecting cases); *see also Williams*, 458 F.3d at 71 ("retaliation and discrimination represent very different theories of liability").

Here, Plaintiff did not make any retaliation claim in his SDHR Complaint. He chose only the following option as a "basis of discrimination": "I believe I was discriminated against because of my[] Race/Color or Ethnicity." He did not check the box identifying "Retaliation" as a "basis of discrimination." Plaintiff did not allege any facts that would have given the SDHR or the EEOC notice to investigate retaliation. At most, in stating that Plaintiff "followed the proper

steps in the company handbook," the SDHR complaint implies that Plaintiff reported the alleged

discrimination internally at Zara.  However, the SDHR complaint does not suggest that Plaintiff

was subjected to any adverse consequences as a result.  In sum, any retaliation claim is not

reasonably related to the allegations in the SDHR.

Accordingly, Zara's motion to dismiss any retaliation claim under Title VII is granted.  In

addition, any disability claim under Title VII is dismissed sua sponte because "Title VII does not

prohibit discrimination on the basis of disability."  *Risco v. McHugh*, 868 F. Supp. 2d 75, 107

(S.D.N.Y. 2012).

### C.  ADA Claim

Zara's motion to dismiss the ADA claim is granted.  ADA claims are subject to the same

administrative exhaustion and timeliness requirements as Title VII claims.  *See* 42 U.S.C.

§ 12117(a); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999) (an "ADA

charge is subject to the time limitations set forth in Section 706(e)(1)," which details Title VII's

exhaustion and timeliness requirements).  Plaintiff's SDHR Complaint makes no mention of

disability discrimination, and such a claim is not reasonably related to any factual allegations in

the SDHR complaint.

### D.  NYSHRL and NYCHRL Claims

"NY[S]HRL and [NY]CHRL claims, once brought before the []SDHR, may not be

brought again as a plenary action in another court."  *York v. Ass'n of the Bar of City of New York*,

286 F.3d 122, 127 (2d Cir. 2002).  "Courts recognize two exceptions to th[is] election of

remedies doctrine": first, when the SDHR dismisses the claim because of administrative

convenience instead of on the merits; and second, when the claim is filed directly with the EEOC

11

and not the SDHR.  *Williams v. City of New York*, 916 F. Supp. 2d 517, 522 (S.D.N.Y. 2013).

Because neither exception applies here, Zara's motion to dismiss the NYSHRL and NYCHRL

claims is granted.

### E.  EPA Claim

While the proposed SAC appears to allege various theories of liability under the EPA, in

his reply brief in support of his motion to amend, Plaintiff explains that the EPA claim alleges

"discrimination based on sex and disparate compensation only."

"[T]o prove a violation of the EPA, a plaintiff must demonstrate that (1) the employer

pays different wages to employees of the opposite sex; (2) the employees perform equal work on

jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar

working conditions."  *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254-55 (2d Cir. 2014).

The proposed SAC readily satisfies the first and third requirements: it alleges that Plaintiff was

paid a lower hourly wage than employees of the opposite sex; and it can be inferred that the jobs

were performed under similar working conditions.  However, the SAC does not allege adequately

that Plaintiff performed "substantially equal" work compared to female Stockroom Supervisors.

"At the pleading stage . . . a plausible EPA claim must include sufficient factual matter,

accepted as true to permit the reasonable inference that the relevant employees' job content was

substantially equal.  Such factual allegations are necessary to provide fair notice to the defendant

of the basis for the plaintiff's claims."  *Id.* at 256 (citations, internal quotation marks and

alterations omitted).  Here, the proposed SAC includes no factual allegations to support the

inference that Plaintiff performed substantially equal work.  Merely alleging that Plaintiff had the

same job title, as the SAC does, is not enough because "a plaintiff must establish that the jobs

compared entail common duties or content, and do not simply overlap in titles or classifications." *Id.* at 255.

To be granted leave to amend the FAC, Plaintiff must show "good cause" for his delay in bringing such an amendment. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). While Plaintiff may have had good cause on February 4, 2015, when he first sought leave to amend, he filed a deficient proposed complaint on March 11. Plaintiff also failed to file a memorandum of law in support of his motion to amend as required by Local Civil Rule 7.1. Had he filed such a memorandum, in the process of drafting the necessary legal analysis, he would have recognized the fundamental deficiency of his EPA claim and could have supplemented his pleading or omitted the claim. There would have been no need for additional time to amend now, after fact discovery is nearly complete.

Because Plaintiff has not been diligent in moving to include a viable EPA claim and any such amendment at this late stage would prejudice Zara, Plaintiff no longer can show good cause for the delay in filing an amended pleading. Accordingly, his motion to amend to add the EPA claim is denied.

### F. WTPA Claim

Plaintiff's proposed SAC includes a cause of action under the WTPA, which the SAC identifies as the "New York Labor Law 195, *et. seq.*, Wage Theft Prevention Act." In his reply in support of his motion to amend, Plaintiff "concede[s]" that the SAC fails to state a claim under any of the subsections of New York Labor Law § 195. Instead, he argues that his claims "unambiguously lie under §§ 194 . . . and 197 (failure to pay overtime)." Section 194 of the New York Labor Law does not fall under the WTPA, and the WTPA did not amend § 197 to include

13

any claim for overtime payments. *See* 2010 N.Y. Sess. Laws Ch. 564 (S. 8380). Accordingly, leave to amend the FAC to include any WTPA claim is denied on consent. To the extent Plaintiff would seek to move again for leave to include causes of action not in the proposed SAC (such as N.Y. Labor Law §§ 194 and 197), leave is denied because Plaintiff has failed to show "good cause" for his delay in bringing such an amendment.

## IV.   CONCLUSION

For the foregoing reasons, Zara's motion to dismiss in part is GRANTED in its entirety, and Plaintiff's motion to amend and/or correct is DENIED.

For clarity, the following claims in the FAC survive:

- Section 1981 Claims – discrimination based on race and/or ethnicity; and

- Title VII Claims – discrimination based on race, color and/or national origin.

The Clerk of Court is directed to close the motions at Dkt. Nos. 23 and 45.

SO ORDERED.

Dated: April 10, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

14